**NOT FOR PUBLICATION**

**FILED**

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| POMPILIO HERNANDEZ UMANA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2644<br><br>Agency No.<br>A206-149-467<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 20, 2025
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

Petitioner Pompilio Hernandez-Umana, a native and citizen of El Salvador,

seeks review of a Board of Immigration Appeals ("BIA") decision dismissing his

appeal from an immigration judge's ("IJ") denial of asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We deny

the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. This Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on the issue.'" *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)). When a petitioner files a brief before the BIA, a petitioner is "deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

(a) Hernandez-Umana's brief before the BIA did not mention the IJ's alleged bias or the sufficiency of his Notice to Appear. Those arguments are therefore unexhausted, so we may not consider them. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001); *Abebe*, 554 F.3d at 1207–08 (inclusion of an issue in a notice of appeal, but failure to raise it in a brief before the BIA, is insufficient to exhaust the issue for the purposes of a petition for review). Although Hernandez-Umana did challenge the sufficiency of his Notice to Appear in a motion to reconsider at the BIA, he did not appeal the BIA's denial of that motion. *See Andia v. Ashcroft*, 359 F.3d 1181, 1183 n.3 (9th Cir. 2004) (per curiam).

(b) Hernandez-Umana's brief before the BIA noted the IJ's ruling that his asylum claim was time barred but provided no argument as to why the determination was improper. As Hernandez-Umana's brief raised no challenge to the time-bar ruling, he did not exhaust with regard to that essential predicate to his asylum challenge, and the merits of his asylum claim are not properly before us. *See Rizo v. Lynch*, 810 F.3d 688, 692–93 (9th Cir. 2016).

2. The Agency's denial of Hernandez-Umana's withholding of removal claim is supported by substantial evidence.

(a) Hernandez-Umana challenges only the Agency's determination that his proposed particular social group of "Salvadorans who intervene to stop domestic violence" was not socially distinct. Any challenge to the Agency's rejection of his other two proposed social groups is therefore waived. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004).

The evidence does not compel the conclusion that Salvadoran society recognizes those who oppose domestic violence as a socially distinct group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020). The Agency's determination that "Salvadorans who intervene to stop domestic violence" are not a "particular social group" is supported by the record. That determination was dispositive to the Agency's decision to reject Hernandez-Umana's withholding of removal claim, so we do not address Hernandez-Umana's additional arguments

3

regarding withholding of removal. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020).

(b) Hernandez-Umana waived any argument concerning the impact of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), on the BIA's interpretation of "particular social group" by not including the argument in his opening brief. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir. 2004); *United States v. LaPierre*, 998 F.2d 1460, 1466 n.5 (9th Cir. 1993) ("[A] letter submitted pursuant to rule 28(j) *cannot* raise a new issue.").

3. The BIA rejected Hernandez-Umana's appeal of the denial of CAT relief because it found that "he did not suffer past torture, he was able to live in other areas of the country without issue for five years before his departure, and his wife and children have lived in El Salvador unharmed throughout the duration of his absence." That determination was supported by substantial evidence. Hernandez-Umana does not identify any misstatement of the record by the Agency or any relevant evidence that the Agency failed to consider. *Cf. Cole v. Holder*, 659 F.3d 762, 771–73 (9th Cir. 2011).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. Hernandez-Umana's motion for a stay of removal (Dkt. No. 2) is otherwise **DENIED**.

4